UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES & EXCHANGE COMMISSION, | ) | |
| | ) | CASE NO. 06 CV 03526 |
| Plaintiff, | ) | |
| v. | ) | CHIEF JUDGE JAMES F. HOLDERMAN |
| | ) | |
| EFOORA, INC., *et al.*, | ) | MAGISTRATE SIDNEY I. SCHENKIER |
| Defendants. | ) | |

## ORDER APPROVING SALE OF ASSETS AND RELATED RELIEF

**THIS MATTER** coming before the Court for hearing in connection with the motion of Ira Bodenstein, not individually, but as receiver (the "Receiver") of Efoora, Inc. (the "Company") for the entry of an order authorizing the sale of substantially all of the debtor's assets and related relief (collectively, the "Motion"); an order having been entered on May 22, 2008 (the "Sale Procedures Order") that approved the terms of an asset purchase agreement (the "Agreement") between the Receiver and Applied Biomedical, LLC ("AB") for the sale and purchase of the assets identified therein (the "Assets"), approved the proposed auction sale procedures (the "Auction"), approved the notice of the hearing on the motion (the "Notice") and the proposed advertising of the Auction (the "Advertising") and set a further hearing to approve the sale of the Assets (the "Sale Hearing"); the Receiver having complied with the Sale Procedures Order and having filed a Report of Sale with the Court indicating that no overbids for the Assets were received at the Auction; due and adequate notice of the Motion having been given to all parties entitled thereto; the Court having jurisdiction over both the subject matter of and the parties to the Motion and otherwise being fully advised in the premises,

{6176 ORD A0208455.DOC}

**IT IS HEREBY ORDERED** that:

1. The Receiver is authorized to sell the Assets to AB pursuant to the terms of the Motion and the Agreement.

2. The sale of the Assets shall be free and clear of any and all liens, claims and encumbrances asserted by any party that received the Notice, except for the interests asserted by Product Development Technologies, Inc. ("PDT") in and to certain patent applications identified in the Agreement, with such liens, claims and encumbrances attaching to the proceeds of the Sale (the "Sale Proceeds") in the same rank and priority as those liens and interests enjoyed prior to the Auction and Sale.

3. The sale of the Assets is on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Receiver or his agents. AB is be deemed to have acknowledged and represented that (i) it has had an opportunity to inspect and examine the Assets and to conduct any and all due diligence regarding the Assets prior to making its bid; (ii) it has relied solely upon its own independent review, investigation and/or inspection of any documents and the Assets in making its bid; and (iii) it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets by any person whatsoever, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Agreement.

4. AB is deemed to be a good faith purchaser of the Assets and the reversal or modification on appeal of the Receiver's authorization to sell the Assets shall not effect the validity of the sale unless such authorization and sale are stayed pending appeal.

Dated:_____     Entered_____
                                United States District Judge



Order prepared by:

Richard M. Fogel (#3217114)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60610
P: (312) 541-0151
F: (312) 980-3888